UNITED STATES DISTRICT COURT

for the

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karena Feng,<br><br>    **Plaintiff,**<br><br>vs.<br><br>DEPARTMENT OF HUMAN SERVICES<br>FAMILY & CHILDREN'S SERVICES<br><br>    **Defendant.** | Case No.: _____<br>Magistrate _____<br><br><br>MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD |

**MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD**

This memorandum is submitted on behalf of Petitioner Karena Apple Feng, "Karena Feng" in support of its motion, pursuant to 9 U.S.C. § 9, to confirm an arbitration award. This motion should be granted and the award confirmed into a

MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM
ARBITRATION AWARD  - 1

judgment because the arbitration was in all respects proper and the award is final and binding.

## Statement of Facts

On or about December 5, 2019 Petitioner and Respondent entered into an agreement which provided that the parties would settle any dispute arising out of the agreement by arbitration according to Dale Clayton.

## Procedural Background

On or about December 10, 2019 Petitioner filed an arbitration claim with **Online Contract Arbitration** using the "Desk Arbitration" method. Dale Clayton was the sole arbitrator.

The parties stipulated and agreed that, in addition to other remedies, actual Compensatory damages are to be assessed according to the formula of $5,000 per/day per/child in the state's/agency's custody after the initial 72 hour window for response to the proposed Contract.

On January 1, 2020, the arbitrators used that formula to issue the Petitioner an award of $540,000 .

The Contract stated that punitive damages can be optionally assessed. It was deemed that punitive damages may be warranted in the event that Respondent did

not voluntarily comply with this award. In such an event. The arbitrator imposed punitive damages at a rate of 4 times the amount of actual Compensatory damages, in addition to other remedies awarded, pursuant to **Pacific Mut. Life Ins. Co. v. Haslip, 499 US 1 (1991).**

**Trent Rhorer** entered into Default on December 05, 2019. Up to the point of writing this memorandum on January 27, 2020, that would be a total of 53 days.
53 days x $5,000 per day = $265,000
4 children are still in the states/agency's custody X $265,000 = $1,060,000
**4 X $1,060,000 = $4,240,000 awarded by arbitrator.**

The arbitrator also awarded, as agreed to in the contract, that the respondent:

    1.) Close the dependency case.

    2.) Discharge the case with prejudice.

    3.) Return the custody of the children of the undersigned back to her.

    4.) Put the undersigned's children back in her possession.

    5.) Remove the undersigned's name from the Central Registry.

Petitioner now moves to confirm this award.

## Explanation

MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM
ARBITRATION AWARD - 3

The Federal Arbitration Act, 9 U.S.C. § 9, provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected."

Accordingly, the court has the obligation to confirm Petitioner's arbitration award into a 1997] 17 Derner and Haydock: Confirming an Arbitration Award Published by Mitchell Hamline Open Access, 1997 WILLIAM MITCHELL LAW REVIEW judgment. See Doctor's Assocs., Inc. v. Casarotto, 116 S. Ct. 1652, 1657 (1996) (stating the purpose of the Federal Arbitration Act is to ensure that private agreements to arbitration are enforced); AlliedBruce Terminix Cos. v. Dobson, 115 S. Ct. 834, 838 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate."); Southland Corp. v. Keating, 465 U.S. 1, 15-16 (1984) (holding the Federal Arbitration Act preempts state law and state courts cannot apply state statutes that invalidate arbitration agreements).

The standard of review of an arbitrator's decision by the court is very narrow. The scope of review is limited and the court will not examine the validity of the decision except to the extent that the award exceeds the agreement of the parties. See Burchell v. Marsh, 58 U.S. 344, 349 (1854) (stating the appropriate scope of judicial review is whether the award is the honest decision of the arbitrator, made within the scope of the arbitrator's power, and that a court will not otherwise set

aside an award for error, either in law or fact); Coast Trading Co. v. Pacific Molasses Co., 681 F.2d 1195, 1197- 98 (9th Cir. 1982).

Here, the arbitrator, having considered the pleadings and other evidence presented at the hearing, determined that Respondent was liable to Petitioner for $540,000.00. There are no grounds for vacating, modifying, or correcting an arbitration award enumerated in 9 U.S.C. §§ 10-11 which exist, and Respondent has not made any motion to vacate, modify, or correct the award.

## Conclusion

Petitioner respectfully requests an order confirming an arbitration award into a judgment for Petitioner, Karena Feng, and against Respondent Trent Rhorer for the following:

1. That the action entitled IN THE MATTER OF Lilian Feng 03/02/2006 13f JD19-3090 emanating out of the SUPERIOR COURT OF CALIFORNIA, County of San Francisco, it's judgments, order(s), pleading(s), paper(s), and sentence(s) are void ab initio;

2. That the action entitled IN THE MATTER OF Katherine Feng 08/16/2009 10F JD19-3091 emanating out of the SUPERIOR COURT OF CALIFORNIA, County of San Francisco, it's judgments, order(s),

pleading(s), paper(s), and sentence(s) are void ab initio;

3. That the action entitled IN THE MATTER OF Edward Feng II 12/05/2012 6M JD19-3092 emanating out of the SUPERIOR COURT OF CALIFORNIA, County of San Francisco, it's judgments, order(s), pleading(s), paper(s), and sentence(s) are void ab initio;

4. That the action entitled IN THE MATTER OF Rosie Feng 11/25/2018 9mo F JD19-3093 emanating out of the SUPERIOR COURT OF CALIFORNIA, County of San Francisco, it's judgments, order(s), pleading(s), paper(s), and sentence(s) are void ab initio;

5. That the respondent Close the Juvenile case with prejudice.

6. That the respondent ORDER that the agency remove the claimants name from the Central Registry.

7. That the children of **Karena Feng** be immediately released forthwith from any and all custody, and control of the CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, CHILDREN AND FAMILY SERVICES DIVISION, et al and returned to the claimant;

8. That any and all records, system of records, alerts, notices, classifications,

publications, postings, library catalogs, and the like in their entirety that reference Parents Name, Child's name, Child's name, including, but not limited to, any and all variations of spelling of said name and alphanumeric identifiers assigned to said name(s), be expunged, deleted, destroyed, and/or returned to Parents name as it relates to any and all matters of this arbitration proceeding, the underlying contract, and the aforesaid related judicial actions referenced herein above at points 1 & 2, within 30-days from the issuance of this award;

9. That **Karena Feng** recover from **CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, CHILDREN AND FAMILY SERVICES DIVISION**, et al, the principle sum of $540,000, in actual Compensatory damages to include an additional $5,000 per/day per/child still in the state's/agency's custody and/or control until all stipulations of the contract are fulfilled.

10. That the principle sum of Compensatory damages are to be due and payable in full upon receipt and notice of this award sent to the CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, CHILDREN AND FAMILY SERVICES DIVISION, their agents, officers, employees, assigns, etc; and payment instructions shall be included with an invoice or letter of direction by Parents Name, and/or her assigns, to any one of the above listed government departments or their representatives;

11. That **Karena Feng** recover punitive damages equivalent to 4 times (4x) the amount of actual Compensatory damages conditioned upon the Respondent(s) failing to voluntarily comply with this award, and Karena Feng is forced to petition or motion the UNITED STATES DISTRICT COURT for confirmation and enforcement of this award;

12. That the Arbitrator, Mary Clayton, recover from the respondent the deferred costs and fees for conducting the arbitration for the claimant in the amount of $750 deducted from the compensatory damages awarded. Said fee schedule is at the rate of $750 flat fee for a 2 party case.

_____     Date: Jan. 27, 2020
Karena Apple Feng

1995-34th Avenue, San Francisco, CA 94116
aFengRE@gmail.com
(650) 350-9088